*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-153

DECEMBER TERM, 2014

| | |
|---|---|
| Robert Jones, Janet Jones and Jean Bombard | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Civil Division |
| | } |
| James Hart | } DOCKET NO. 350-7-11 Wrcv |

Trial Judges: William D. Cohen
Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Defendant James Hart appeals from four post-judgment orders filed by the superior court, civil division, on April 8, 2014. We affirm because defendant presents no basis for disturbing those orders. Rather, his brief is aimed entirely at the underlying judgment and, most particularly, the court's December 21, 2012 order denying costs on the basis that no party was the prevailing party. This Court previously dismissed defendant's appeal of that order in Docket Number 2013-043 on November 25, 2013, and thus his current attempt to resurrect that appeal is precluded.

The procedural history of this matter is as follows. In the underlying case, the jury rendered a verdict on July 26, 2012. In its special verdict form, the jury rejected some, and accepted some, of the claims of both plaintiffs and defendant, but awarded defendant $15,000 based on his trespass claim. The trial court issued a judgment order on August 8, 2012. On August 27, 2012, defendant filed a motion for costs and $39,000 in attorney's fees. On September 7, 2012, the court checked "granted" on a motion-reaction form, noting as follows: "Prevailing party costs to be awarded only as allowed by the Vt. Rules of Civ. Procedure." On October 9, 2012, plaintiffs filed a motion for costs. On December 21, 2012, the court denied the motion, stating as follows:

> Neither party actually prevailed in entirety of their respective claims. However each party did prevail in part. The only cost that will be awarded is that each of the Plaintiffs and Defendant to split the costs of Mr. Bell 1/3 for each party. All other requests for costs are denied.

The trial court case was closed on January 13, 2013. On January 18, 2013, defendant filed a notice of appeal indicating that he was appealing the order of December 20, 2012 (that order was dated December 20 but issued the following day). That appeal to this Court was given Docket Number 2013-043. Meanwhile, the parties continued to file post-judgment motions with the trial court, including motions for sanctions, under the same trial court docket number.

After defendant was granted several extensions of time to file his appellate brief in 2013-043, he filed another motion to extend time to file his brief until the trial court ruled on several post-judgment motions for sanctions. On October 18, 2013, this Court denied the motion, ordering defendant to file his brief by November 11, 2013. On November 25, 2013, this Court dismissed 2013-043 for defendant's failure to comply with the October 18 order.

Meanwhile, the parties, particularly defendant, continued to file motions with the trial court. On February 12, 2014, defendant filed another motion for costs and $39,000 in attorney's fees that was essentially the same as his previously denied August 27, 2012 motion. The appeal from the latter motion, however, has already been dismissed and is therefore closed. On April 8, 2014, the trial court denied as moot four motions from defendant: two for contempt, one seeking compensation for an intentional act, and the other being the February 12 motion for costs and fees. Regarding that latter motion, the court stated that the motion had been resolved by the court's December 21, 2012 order—the same order that defendant had appealed from in the dismissed docket.

On April 24, 2014, defendant filed the instant appeal, indicating in his notice of appeal that he was appealing from the court's four April 8 orders. Defendant's brief, however, fails to even cite those orders, let alone demonstrate how the court erred in those rulings. Rather, his entire brief is dedicated to the underlying judgment, and most particularly the trial court's failure to grant him attorney's fees. We decline to consider these arguments because defendant's appeal from the underlying judgment and the December 21, 2012 denial of costs was dismissed earlier for lack of prosecution. Accordingly, his appeal of that judgment and order is now foreclosed.[*] As defendant fails to demonstrate any error with respect to the April 8 orders, they are affirmed.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice (Ret.),
Specially Assigned

---

[*] On the morning of oral argument, defendant submitted a letter stating, among other things, that the former Supreme Court docket clerk admitted making several "mistakes" that resulted in the dismissal of his appeal in Docket Number 2013-043. Then, at the oral argument in response to a question, he indicated that the former docket clerk had acknowledged making a mistake regarding his filing fee. None of these contentions were raised in either defendant's brief or his reply brief. In any event, the appeal in Docket Number 2013-043 was dismissed based on defendant's failure to comply with an order requiring him to file his brief. He never filed a brief or a motion to reopen the appeal in that docket, and thus his last-minute contentions in the instant docket are unavailing.

2